933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Errol Alton JONES, Defendant-Appellant.
 No. 90-1289.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1991.
 
 Before HOLLOWAY, Chief Judge, and BARRETT and McKAY, Circuit Judges.
 ORDER AND JUDGMENT*
 HOLLOWAY, Chief Judge.
 
 
 1
 In this appeal, the defendant-appellant, Errol Alton Jones, challenges the district court's revocation of his supervised release. Jones claims that the government failed to prove that he violated a "special" condition of his supervised release, that he was denied procedural due process at the revocation hearing, and that there was insufficient evidence that Jones used a controlled substance in violation of the conditions of his supervised release. We reject Jones' claims and affirm the district court's decision.
 
 
 2
 The pertinent facts are not in dispute. On March 16, 1990, pursuant to a written plea agreement, Jones pleaded guilty to the second count of a two count indictment charging him with firearms violations. The count charged that Jones had received a firearm while he was under indictment for a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. Sec. 922(n) and Sec. 924.
 
 
 3
 On this firearms conviction, Jones was sentenced to imprisonment for 169 days, time served, and a period of three years' supervised release. Jones' supervised release was subject to several standard terms or conditions, including the requirement that he "refrain from excessive use of alcohol and [that he] not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician...." I R. at 8. In addition to the standard or general terms of Jones' supervised release, the court imposed several additional or special conditions.
 
 
 4
 On August 29, 1990, the Probation Officer for the District of Colorado filed a Petition on Probation and Supervised Release with the district court. The petition charged Jones with two violations of the terms of his supervised release:
 
 
 5
 1. Violation of Special Condition of Supervised Release. A urine specimen taken from defendant on August 11, 1990 at Independence [Treatment Center] tested positive by National Health Laboratories for the presence of THC (marijuana).
 
 
 6
 2. Violation of the Law. On August 18, 1990, defendant received a summons from Denver police officers for assault. Summons and Complaint number GC118296 is scheduled in Denver County Court, general sessions, on September 7, 1990. United States v. Jones, No. 89-CR-382, at 1 (D.Colo. Sept. 4, 1990) (order granting petition for supervised release hearing).
 
 
 7
 On September 14, 1990, a hearing was held regarding the two alleged violations of Jones' supervised release. Although the district court did not make specific findings as to the disposition of the count in the petition regarding the allegation of assault, it intimated that the count was to be dismissed. II R. at 77-80. On the other count of the petition, the district court found that Jones had violated supervised release, which was revoked, and sentenced the defendant to two years' imprisonment.
 
 
 8
 After a careful review of the record we find ample evidence to support the district court's finding that Jones violated the terms of his supervised release by using a controlled substance. Indeed, Jones admitted in a routine interview to his probation officer that he had used marijuana while on supervised release, II R. at 18, and he also testified at the revocation hearing that he had used drugs during the same period. II. R. at 65. In addition, on August 11, 1990, and on another occasion, his urine analysis tested positive for tetrahydrocannabinol (THC), an active ingredient in marijuana. I R. at 13-14, 79.
 
 
 9
 Moreover, Jones does not challenge the fact that he was prohibited from using controlled substances as a condition of his supervised release. Instead, Jones argues that the precise language of the special conditions of his supervised release did not "specifically prohibit the use of marijuana" and, therefore, neither his use of marijuana nor the presence of tetrahydrocannabinols (THC) in his urine, constituted a violation of such conditions. Appellant's Br. at 6-7. This argument elevates form over substance to new heights and is meritless. While the special conditions of Jones' supervised release do not mention marijuana or THC, the standard conditions did prohibit the use of marijuana. A district court has authority to revoke supervised release and impose a term of imprisonment for any violation of "a condition of supervised release." United States v. Dillard, 910 F.2d 461, 465-66 (7th Cir.1990) (quoting 18 U.S.C.A. Sec. 3583(e)(3)) (emphasis added).
 
 
 10
 Jones also argues that "[t]he record is barren of any testimony that 'THC' or 'marijuana' is a controlled substance as defined by statute." Appellant's Br. at 9. We reject this argument and take notice of statutes and regulations that clearly make marijuana a controlled substance.[1] Once the district judge determined that Jones had used a controlled substance, he acted correctly by following the plain language of Sec. 3583(g) in revoking Jones' supervised release. 18 U.S.C.A. Sec. 3583(g);[2] United States v. Ramos-Santiago, 925 F.2d 15, 18 (1st Cir.1991); United States v. Kindred, 918 F.2d 485, 487 (5th Cir.1990). Accordingly, the trial court's decision to revoke Jones' supervised release was not error.
 
 
 11
 We review de novo Jones' claim that he was denied procedural due process because he was not provided with written notice that he had violated a "standard" condition of his supervised release. See United States v. Roberts, 898 F.2d 1465, 1469 (10th Cir.1990). In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court held that a hearing was necessary before a defendant's parole could be revoked and that due process required certain minimal procedural protections:
 
 
 12
 (a) written notice of the claimed violation of parole; (b) disclosure to the parolee [individual on supervised release]; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and to cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. Morrissey, 408 U.S. at 489. See also Gagnon v. Scarpelli, 411 U.S. 778 (1973) (same rights applicable at probation revocation hearings).
 
 
 13
 Nevertheless, both Morrissey and the notes accompanying Fed.R.Crim.P. 32.1(a)(2), which establishes hearing requirements for Revocation or Modification of Probation or Supervised Release similar to those of Morrissey, emphasize that revocation hearings are a more flexible process than a criminal prosecution. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991); see Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1456 (10th Cir.1990) (although generally required, preliminary probable cause hearing unnecessary given facts of particular probation revocation); see also G.J.G. & Associates, Inc. v. Singleton, 913 F.2d 824, 831 (10th Cir.1990) (citing Morrissey, procedural protections required by due process vary with circumstances).[3]
 
 
 14
 After a careful review of the record we are convinced that Jones was not denied procedural due process. Both the summons and the Petition for Probation and Supervised Release provided Jones with notice of the government's charges and evidence that he had violated his supervised release by possessing and using a controlled substance, specifically identifying marijuana. In addition, Jones attended the revocation hearing, presented evidence in his own behalf, cross-examined adverse witnesses and was represented by counsel. Consequently, we AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Both the original and updated schedules of the Controlled Substances Act, list "marihuana," 21 U.S.C.A. Sec. 812(c), Schedule I(c)(10) (1990), and 21 C.F.R. Sec. 1308.11(d)(16) (1990); and "tetrahydrocannabinol" (THC), 21 U.S.C.A. Sec. 812(c), Schedule I(c)(17) (1990), and 21 C.F.R. Sec. 1308.11, Schedule I(d)(24) (1990); as controlled substances. Judicial notice of such statutes and regulations is proper. See Fed.R.Evid. 201(b)
 
 
 [2]
 Section 3583(g) of Title 18 provides:
 If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.
 The knowing use of drugs is akin to possession. Kindred, 919 F.2d at 487 n. 3 (citing Dillard, 910 F.2d at 464 n. 3).
 
 
 [3]
 Fed.R.Crim.P. 32.1(a)(2), subtitled Revocation Hearing, requires that:
 [t]he revocation hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction. The person shall be given
 (A) written notice of the alleged violation;
 (B) disclosure of the evidence against the person;
 (C) an opportunity to appear and to present evidence in the person's own behalf
 (D) the opportunity to question adverse witnesses; and
 (E) notice of the person's right to be represented by counsel.
 The notes section applicable to Rule 32.1(a)(2) further provides in part: "[t]he hearing required by 32.1(a)(2) is not a formal trial; the usual rules of evidence need not be applied. See Morrissey v. Brewer, supra ('the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial')...."